IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ANTHONY J. BOYD,**

        **Plaintiff,**

v.             Case 2:19-cv-02883-SHM-cgc

**RIVIANA FOODS,**

        **Defendant.**

### REPORT AND RECOMMENDATION

  On December 23, 2019, Plaintiff Anthony J. Boyd, a resident of Memphis, Tennessee, filed a *pro se* complaint against Riviera Foods accompanied by a motion seeking leave to proceed *in forma pauperis*[1]. (Docket Entries ("D.E.") 1 & 2.)  Leave to proceed *in forma pauperis* was granted on January 30, 2020.  (D.E. # 8)  For the reasons set forth herein, it is RECOMMENDED that the Amended Complaint be DISMISSED for failure to state a claim.

  Plaintiff's Amended Complaint alleges violations of the Americans with Disabilities Act of 1990 ("ADA") as amended by the ADA Amendments Act ("ADAAA") of 2008.  (D.E. # 1, PageID 1)  The only specific facts that Plaintiff provides are that:

1. [Plaintiff] was hired on June 2015 as a machine operator.
2. [Plaintiff} was injured on the job.
3. During 2017, Defendant accommodated [Plaintiff's] restrictions.
4. In November 2017, Defendant began to hold [Plaintiff] accountable for attendance.
5. [Plaintiff's} attendance issues were all due to [Plaintiff's] injury.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

6. On March 21, 2018, [Plaintiff] was terminated for attendance.
7. Defendant fired [Plaintiff] under a no-fault attendance policy.
(D.E. # 1, PageID 4)

EEOC investigated the complaint and issued a Right to Sue letter on September 28, 2019. (D.E. # 1, PageID 5, 7) Plaintiff seeks compensatory relief. (D.E. # 1, PageID 6)

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action;

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original).

An essential element of an Americans with Disabilities Act claim is that the Plaintiff allege that he is qualified to perform the requirements of the job, with or without reasonable accommodations. 42 U.S.C. § 12111(8). In this case, Plaintiff specifically states that his termination was solely due to attendance issues. The Sixth Circuit has held that, "an employee

who does not come to work cannot perform any of his job functions, essential or otherwise." E.E.O.C. v. Ford Motor Co., 782 F.3d 753, 761 (6th Cir. 2015) citing EEOC v. Yellow Freight Sys., Inc., 253 F.3d 943, 948 (7th Cir.2001) (en banc) (quoting Tyndall v. Nat'l Educ. Ctrs., 31 F.3d 209, 213 (4th Cir.1994) (internal quotation marks omitted))  Therefore, it is RECOMMENDED that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court

CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 4th day of January, 2021.

                                              s/ Charmiane G. Claxton
                                              CHARMIANE G. CLAXTON
                                              UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**