IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY J. BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | )  No. 19-cv-02883-SHM-cgc |
| | ) |
| RIVIANA FOODS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), filed January 4, 2021. For the following reasons, the Report is **ADOPTED** and the Complaint is **DISMISSED**.

**I.  Background**

On December 23, 2019, Plaintiff Anthony J. Boyd filed a pro se complaint against Riviera Foods, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101. (ECF No. 1.)

Boyd alleges that he was fired for attendance issues resulting from an injury he sustained on the job. (Id. at 4.) On January 4, 2021, United States Magistrate Judge Charmiane G. Claxton recommended that the case be dismissed for failure to state a claim. (ECF No. 9.) The report explained in pertinent part that:

> "Plaintiff specifically states that his termination was solely due to attendance issues. The Sixth Circuit has held that, "an employee who does not come to work cannot perform any of his job functions, essential or otherwise." (Id. at 2-3 (citations omitted).)

The Magistrate Judge also recommended that this Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith. (Id. at 3-4.) The Magistrate Judge noted that it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but find sufficient merit to support an appeal in forma pauperis. (Id. at 3.)

The Magistrate Judge explained that any objections to the Report must be filed within 14 days of receipt of a copy of the report pursuant to 28 U.S.C. § 636(b)(1)(C). (Id. at 4.) Failure to do so may constitute waiver of any objections and further appeal. (Id.)

Boyd has not filed any objections to the Magistrate Judge's Report.

**II.  Standard of Review**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).  While "a district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to," Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C), the district court is not required to review (under a de novo or any other standard) "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985).  The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed.  Id. at 151.

**III. Analysis**

Because more than fourteen days have elapsed since the Magistrate Judge's Report was filed on January 4, 2021, and Boyd has not filed any objections, the Magistrate Judge's recommendation is adopted in full. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief can be granted. This Court certifies that any appeal in this matter by Plaintiff would not be taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

**IV. Conclusion**

For the foregoing reasons, the Report is **ADOPTED** and the Complaint is **DISMISSED**.

SO ORDERED this 12th day of September, 2022.

/s/ *Samuel H. Mays, Jr.*
_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE